IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Gregory A. Slachta, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 9:03-3130-23 |
| | ) | |
| Reliance Standard Life Insurance | ) | |
| Company, Tenet Employee Benefit | ) | **ORDER** |
| Plan, Group Long Term Disability | ) | |
| Insurance and Tenet Benefits | ) | |
| Administration Committee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff Gregory A. Slachta, M.D.'s ("Dr. Slachta") Rule 59(e) motion to alter or amend this court's May 17, 2006 Order. For the reasons set forth herein, the court dismisses Plaintiff's motion.

Pursuant to Rule 59(e), "[a]ny motion to alter or amend a judgment shall be filed *no later than* 10 days after entry of the judgement." Fed. R. Civ. P. 59(e) (emphasis added). "In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Fed. R. Civ. P. 6(a). Moreover, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

Here, the court filed its Order on Wednesday, May 17, 2006. Thus, the ten-day period started on the following day, Thursday, May 18, 2006. The ten-day period excluded the intermediate Saturdays and Sundays (May 20-21 and May 27-28) and the legal holiday of Memorial

Day (Monday, May 29).  *See* Fed. R. Civ. P. 6(a).  Pursuant to the Rule 6(a) calculation, the ten-day period ended on Thursday, June 1, 2006.

Ultimately, because Plaintiff did not file his Rule 59(e) motion until Friday, June 2, 2006, the court must dismiss the motion as untimely, as the filing period in Rule 59(e) is mandatory and jurisdictional, and the court is without authority to extend the deadline.[1]  *See T.G. Whedbee v. United States*, 21 F.3d 426 (4th Cir. 1994) (unpublished) ("Because the ten day filing period [in Rule 59(e)] is a jurisdictional limitation, the district court did not have the authority to extend the time for the filing of the motion, nor did it have the authority to consider and grant a motion that was not timely filed.").

It is therefore, **ORDERED** for the foregoing reasons that Plaintiffs' Rule 59(e) motion is dismissed.

                                  **AND IT IS SO ORDERED.**

                                  PATRICK MICHAEL DUFFY
                                  United States District Judge

**Charleston, South Carolina**
**June 8, 2006**

---

[1] Although Rule 6(b)(2) of the Federal Rules of Civil Procedure gives the district court discretion in extending deadlines in most circumstances, it specifically excludes such discretion from post-trial and post-judgment filings: "[the court]" may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (*e*) and 60(b), *except to the extent and under the conditions stated in them*."  Fed. R. Civ. P. 6(b)(2) (emphasis added).  Rule 59(e) does not contain any provision allowing extension of the ten-day deadline.  *See* Fed. R. Civ. P. 59(e).