IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Gregory A. Slachta, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 9:03-3130-23 |
| | ) | |
| Reliance Standard Life Insurance | ) | |
| Company, Tenet Employee Benefit | ) | **ORDER** |
| Plan, Group Long Term Disability | ) | |
| Insurance and Tenet Benefits | ) | |
| Administration Committee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff Gregory A. Slachta, M.D.'s ("Dr. Slachta") Rule 59(e) motion to alter or amend this court's May 17, 2006 Order. For the reasons set forth herein, the court denies Plaintiff's motion.

## **BACKGROUND**

Dr. Slachta began practicing urology and urologic surgery in 1975. In 1997, he began working as a urologic surgeon for Tenet Hearthcare Corporation ("Tenet"). During his employment, Plaintiff participated in the Tenet Employee Benefit Plan ("the plan"), which provided welfare benefits, including disability benefits, to employees and former employees of Tenet and its participating subsidiaries and affiliates. The plan comprised a number of individual plans, including plan number 515, which is known as Group Long Term Disability Insurance. Defendant Group Long Term Disability Insurance is an employee welfare benefit plan within the meaning of ERISA. Tenet is the sponsor of the plan, including plan number 515, and Defendant Tenet Benefits Administration Committee is the plan administrator. Defendant Reliance Standard Insurance Company ("Reliance Standard") insured certain benefits provided by the plan, including certain

benefits under plan number 515.  Reliance Standard is the claims review fiduciary under Group Long Term Disability Insurance and is a fiduciary within the meaning of ERISA.

**I.     Medical History**

On April 20, 1999, Plaintiff sought treatment by a neurologist due to numbness in his distal upper extremities.  Plaintiff had diminished fine motor movements in both hands, with the impairment greater on the right, his predominant hand.  At the time, Plaintiff was suffering from carpal tunnel syndrome and cervical spondylosis.  In June of 2000, Plaintiff was referred to Dr. Susan Calvert-Cramer, who began seeing Plaintiff after he underwent a right carpal tunnel release.  By that time, Plaintiff had experienced pain in his neck for the better part of a year and tremors in both hands for more than one year.  After undergoing an MRI and physical therapy, Dr. Calvert-Cramer saw Plaintiff again on October 17, 2000.  Dr. Calvert-Cramer stated that Plaintiff was "having a lot of neck pain and involuntary muscle twitches in his right biceps and right volar forearm area," which were "definitely aggravated with work given the positions he needs to put his neck in."  (Admin. Record at 106.)  Dr. Calvert-Cramer advised Plaintiff to stop working "because of loss of finger and hand dexterity due to his carpal tunnel syndrome and loss of strength and sensation due to cervical spinal stenosis."  (Admin. Record at 116.)

On October 25, 2000, Plaintiff applied for long term disability benefits under the plan.  Almost a month later, Dr. Calvert-Cramer saw Plaintiff and stated that Plaintiff was still suffering from neck pain, spasms in his right arm, weakness in his left hand, and restricted cervical range of motion.  By January of 2001, Plaintiff's condition had not improved.  At this point, he was experiencing muscle twitching and myoclonic jerking in the right arm and to a lesser extent in the left arm.  (Admin. Record at 397.)  Plaintiff's condition deteriorated until he ceased working

completely by May 1, 2002.

The 90-day "Elimination Period" in Plaintiff's policy ran from October 25, 2000, until January 23, 2001. After the Elimination Period, Reliance Standard reviewed Plaintiff's records and concluded that Plaintiff was not totally disabled, thereby denying him benefits on March 30, 2001. Reliance Standard based its conclusion on medical records provided by Plaintiff's treating physicians.

Plaintiff appealed Reliance Standard's initial denial, and during Plaintiff's appeal, Reliance Standard referred Plaintiff's file to a vocational rehabilitation coordinator. The vocational review identified four material duties of a urologist:

1. Examines patient, using x-ray machine, fluoroscope, and other equipment to aid in determining nature and extent of disorder or injury.
2. Treats patient, using diathermy machine, catheter, cystoscope, radium emanation tube and similar equipment.
3. Performs surgery, as indicated.
4. Prescribes and administers urinary antiseptics to combat infection.

(Admin. Record at 215).[1] Based on the results of the vocational review, which found that Plaintiff could perform at least two of the material duties of his occupation, and based on medical records provided by Plaintiff's doctors, Reliance Standard denied Plaintiff's appeal on March 15, 2002. Plaintiff again appealed, but in August of 2002, Reliance Standard denied the appeal.

## II.    Plaintiff's Lawsuit

Plaintiff filed his complaint in this court on October 2, 2003. On September 22, 2004, Defendants moved for summary judgment, asserting that Plaintiff was not entitled to long term disability benefits. Two days later, Plaintiff moved for summary judgment, claiming that Defendant

---

[1] This list matches the list of material duties provided in the Department of Labor's Dictionary of Occupational Titles ("DOT").

3

Reliance Standard wrongfully denied him disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Next, on October 26, 2004, Plaintiff moved to strike affidavits, or in the alternative, to allow discovery and amendment of his complaint. In an Order dated January 24, 2005, this court denied both parties' motions for summary judgment and remanded the case to Reliance Standard "to conduct a new, more comprehensive review of plaintiff's claim and to issue a new benefits determination." (Order at 16.) Also, the court denied Plaintiff's motion to strike affidavits, or in the alternative, to allow discovery and amendment of the complaint.[2]

After remand, Reliance Standard found that its original decision denying benefits to Plaintiff was appropriate, in a decision issued August 25, 2005. Specifically, Reliance Standard determined that "Dr. Slachta was not Totally Disabled from each and every material duty of his occupation throughout the Elimination Period as required by the terms of the policy." (Pl.'s Mot. for Summary Judgment, Exhibit 1, at 1.)

---

[2] Additionally, in the January 24, 2005 Order, the court held that the more restrictive "each and every" definition of "Total Disability" applied. (*See* Jan. 24, 2005 Order.) The applicable definition provides the following:

Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
(1) during the Elimination Period (the first ninety days following the onset of total disability), an Insured cannot perform *each and every material duty of his/her regular occupation*; and
(2) for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation;
    (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period.

(Admin. Record at 798.) (alteration and emphasis added).

4

Thereafter, on December 16, 2005, Plaintiff filed a motion to reopen the case and a motion for summary judgment, arguing that Reliance Standard failed to fairly determine Plaintiff's eligibility for benefits and that the undisputed material facts establish that Plaintiff is disabled and entitled to benefits. Plaintiff also argued that Reliance Standard did not comply with this court's directive to consider the evidence and analysis cited in the court's January 24, 2005 Order.

On January 23, 2006, Defendants filed a response in opposition to Plaintiff's motion for summary judgment and a cross-motion for summary judgment.[3] Specifically, Defendants asserted that Plaintiff falsely accused Reliance Standard of failing to follow this court's directive. Defendants pointed out that on remand, Reliance Standard obtained Plaintiff's billing records and matched the activities with the duties identified in the DOT. Defendants claimed that a review of Plaintiff's billing records "cannot support a claim of total disability under this policy" because the billing records demonstrate that Plaintiff performed a number of the material duties of his occupation during and after the Elimination Period. (Defs.' Mot. at 2-3.) For instance, Defendants noted that during the period between November 1, 2000, and February 13, 2001, Dr. Slachta billed for examining 103 patients, including, *inter alia*, the use of x-ray/fluoroscopy equipment at least 7 times, the use of a catheter on 10 occasions, and 7 cystourethroscopies. (Defs.' Mot. at 4.) Defendants also noted that during the subsequent period between February 13, 2001, and April 1, 2001, Plaintiff billed for seeing 109 patients, including, *inter alia*, 23 cystourethroscopies, 7 biopsies, and a vasectomy. Accordingly, Defendants asserted that because Plaintiff "was performing most, if not all, of the material duties of his regular occupation during the Elimination Period, Reliance Standard did not abuse its discretion when it denied the claim," and therefore it is entitled

---

[3] Defendants did not oppose Plaintiff's request to reopen the case. (Def. Mot. at 1.)

5

to judgment as a matter of law.  (Defs.' Mot. at 9.)

In response, Plaintiff asserted that Defendants failed to address the deficiencies in Reliance Standard's post-remand review of Plaintiff's claim.  Most importantly, Plaintiff stated that the billing records did not support Reliance Standard's denial of benefits because the records extend 15 working days beyond the end of the Elimination Period and do not contain exact dates of treatment.

Ultimately, in an Order filed May 17, 2006, this court denied both Plaintiff's and Defendants' motions for summary judgment and again remanded the matter to Defendant Reliance Standard, the plan fiduciary, for reconsideration consistent with the Order.  Specifically, the court stated:

> Ultimately, although the court believes it likely that Dr. Slachta cannot meet the "each and every" definition of total disability, the court is unwilling to *assume* that Dr. Slachta performed any of the material duties of his occupation based on billing records that cover a period extending 15 working days past the end of the Elimination Period.  Without dated billing records, Defendants' decision relies upon mere assumptions, and regardless of how natural or logical such assumptions may in fact be, the court is unwilling to hold that such assumptions constitute substantial evidence, particularly in light of the court's obligation to review Reliance Standard's decision under the modified abuse of discretion standard.  In other words, to find that Defendants' post-remand decision is supported by substantial evidence would require the court to assume evidence which is not in the record, something which this court is not willing to do.  Accordingly, the court again remands the matter to Defendant Reliance Standard for further consideration of whether Dr. Slachta in fact performed the material duties of his occupation *during* the Elimination Period, which ran from October 25, 2000, to January 23, 2001.

Thereafter, on June 1, 2006, Plaintiff filed the present Rule 59(e) motion to alter or amend, asserting that "Reliance Standard's denial of Plaintiff's disability claim is a clear abuse of discretion," and that "[b]ecause the Court found the denial is not supported by substantial evidence, the applicable standard of review warrants reversal of the denial, not another remand." (Pl.'s Mot.

6

at 1.) Plaintiff "respectfully submits that the lack of substantial evidence *ipso facto* means the denial was an abuse of discretion." (Pl.'s Mot. at 3.)

In response to Plaintiff's motion, Defendants first assert that Plaintiff's motion is untimely. Second, Defendants assert that Plaintiff's motion is improper under Rule 59(e) because none of the grounds for a Rule 59(e) motion apply in this case. Third, Defendants assert that this court's Order again remanding the matter to Reliance Standard was not erroneous and actually gave Plaintiff, not Defendants, the benefit of the doubt. Defendant states:

> This Court tried to give plaintiff every benefit of the doubt and chance to prove his claim. Therefore, the Court refused to make an assumption that the duties identified above were actually performed during the Elimination Period even if it was a "natural or logical" assumption to make. Plaintiff has responded with a motion to reconsider in an attempt to avoid having to produce evidence that will likely prove that he was not "Totally Disabled." Because Plaintiff's motion is devoid of merit, it should be denied.

(Defs.' Response at 4.)

In Plaintiff's Reply, he asserts that "[d]enial of a claim for ERISA benefits is an abuse of discretion if the record lacks substantial evidence to support the fiduciary's decision." (Pl.'s Reply at 2.) Because this court has twice found that Reliance Standard's denial was not supported by substantial evidence, Plaintiff asserts that he is entitled to benefits.

## STANDARD OF REVIEW

Plaintiff filed his motion to alter or amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "There are three circumstances in which the district court may grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)

7

(quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). Rule 59(e) motions may not be used to raise arguments that could have been raised before the judgment was issued, or to argue a case under a new legal theory. *See Pacific Ins. Co.,* 148 F.3d at 403 (4th Cir. 1998). There has been no intervening change in controlling law, nor has new evidence come to light. Therefore, relief, if available, must be to correct a clear error of law or to prevent manifest injustice.

## DISCUSSION

### I.    Plaintiff's motion is timely.

Pursuant to Rule 59(e), "[a]ny motion to alter or amend a judgment shall be filed *no later than* 10 days after entry of the judgement." Fed. R. Civ. P. 59(e) (emphasis added). "In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Fed. R. Civ. P. 6(a). Moreover, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

Here, the court filed its Order on Wednesday, May 17, 2006. Thus, the ten-day period started on the following day, Thursday, May 18, 2006. The ten-day period excluded the intermediate Saturdays and Sundays (May 20-21 and May 27-28) and the legal holiday of Memorial Day (Monday, May 29). *See* Fed. R. Civ. P. 6(a). Pursuant to the Rule 6(a) calculation, the ten-day period ended on Thursday, June 1, 2006, the date on which Plaintiff filed his Rule 59(e) motion. Accordingly, contrary to Defendants' assertion, Plaintiff's motion is timely.

**II.     Remand to Reliance Standard is appropriate.**

In his Rule 59(e) motion, Plaintiff argues that this court should have granted his motion for summary judgment because Reliance Standard abused its discretion in denying his benefits. Plaintiff cites *Booth v. Wal-Mart Stores*, wherein the Fourth Circuit Court of Appeals set forth a nonexclusive list of factors for a district court to consider in determining the reasonableness of a fiduciary's discretionary decision. *See* 201 F.3d 335, 342-43 (4th Cir. 2000). The factors include the following:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Id.* In his motion, Plaintiff asserts that factors 2, 5, and 8, set forth above, mandate summary judgment in his favor. (Pl.'s Mot. at 5.) Specifically, Plaintiff argues that the court's finding that substantial evidence does not support Reliance Standard's decision is equivalent to a finding that the materials considered were inadequate. Additionally, Plaintiff asserts that a decision based upon assumptions cannot be the result of a reasoned and principled decisionmaking process. For these reasons, Plaintiff asserts that Reliance Standard abused its discretion. However, due to the extraordinary circumstance presented by this case, namely, a situation where billing records provided by Plaintiff and relied upon by Reliance Standard cover a period extending 15 working days past the end of the Elimination Period, the court disagrees with Plaintiff and finds that remand to Reliance Standard is in fact appropriate.

First, according to the plan, to qualify as "totally disabled," Dr. Slachta needed to show that

9

he was unable to perform "each and every material duty" of his regular occupation during the 90-day Elimination Period. Here, after the court first remanded the matter to Reliance Standard to perform a more comprehensive review, Plaintiff provided his billing records in three batches, corresponding to the following time periods: (1) November 1, 2000, through February 13, 2001; (2) February 13, 2001, through April 1, 2001; and (3) November 13, 2000, through April 1, 2001. Within these three batches, however, the records contained no means to identify the specific date on which Dr. Slachta performed a particular procedure. Because the Elimination Period ran from October 25, 2000, to January 23, 2001, the first batch of billing records (covering November 1, 2000, through February 13, 2001) undoubtedly covers a period starting almost a week into the Elimination Period and extending 15 working days past the end of the Elimination Period.

Within the first batch of records, Dr. Slachta billed for examining 103 patients, including, *inter alia*, the use of x-ray/fluoroscopy equipment at least 7 times, the use of a catheter on 10 occasions, and 7 cystourethroscopies.[4] Thus, it is clear that Dr. Slachta was performing the material duties of a urologist at unspecified times between November 1, 2000, and February 13, 2001. Reliance Standard relied upon this batch of records in concluding that Dr. Slachta must have performed at least some of the material duties of his regular occupation during the Elimination Period, thereby defeating Dr. Slachta's claim that he was "totally disabled" within the meaning of the plan. The court agrees that this is a "natural and logical" conclusion to make. However, because

---

[4] Defendants assert that the billing records for the period between November 1, 2000, and February 13, 2000, demonstrate that Dr. Slachta performed 103 patient examinations, used x-ray/flouroscopy equipment 7 times, treated patients with diathermy, catheter, used cystoscope, radium emanation tube, and similar equipment 10 times, used cystourethroscopy 7 times, treated patients with other equipment 4 times, performed a prostate biopsy or surgery once, and performed 93 urinalyses.

the billing records cover a period extending 15 working days past the end of the Elimination Period, the court, in the interest of fairness, was unwilling to find that the undated billing records constitute substantial evidence, *without first requiring further inquiry or investigation* into the specific dates on which Dr. Slachta performed the billed-for procedures, and ultimately, whether he in fact performed any of the billed-for procedures during the Elimination Period rather than during the 15 working days following the Elimination Period.

Upon a review of the record, the court finds that the evidence here does not indicate that Reliance Standard acted in bad faith. Additionally, the court has considered the reasonableness of Reliance Standard's decision in light of the *Booth* factors set forth above, and at this point, the court is unwilling to find that Reliance Standard abused its discretion until further inquiry or investigation is made into whether any of the billed-for procedures contained in the first batch of records actually occurred during the Elimination Period, which ran from October 25, 2000, to January 23, 2001, rather than during the 15 working days following the Elimination Period. Thus, the court concludes that remand, rather than reversal, is the more appropriate course to follow,. *See, e.g., Dunbar v. Orbital Sciences Corp. Group Disability Plan*, 265 F.Supp.2d 572, 585 (D. Md. 2003) ("The court is satisfied that, even though it might on the record here be within the court's discretion to reverse the administrator's decision, this is an appropriate case for remand because the evidence does not indicate that the administrator committed clear error or acted in bad faith.") Accordingly, finding no clear error of law and finding that remand actually will promote justice in this case, the court denies Plaintiff's Rule 59(e) motion.

## CONCLUSION

It is therefore, **ORDERED** for the foregoing reasons that Plaintiffs' Rule 59(e) motion is **DENIED**.

                 **AND IT IS SO ORDERED.**

*[Signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 6, 2006**